UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Hugh Ellis | Civil Action No. 6:16-cv-01055 |
| versus | Judge Elizabeth E. Foote |
| Jeffrey B. Sessions, III,[1] et al. | Magistrate Judge Carol B. Whitehurst |

## AMENDED REPORT AND RECOMMENDATION

Before the court is the Respondents' Motion to Dismiss. (Doc. 28.) For the reasons discussed below, the undersigned recommends that this motion be GRANTED.

Petitioner Hugh Ellis is a citizen of Jamaica, and he lawfully entered the United States in 1997. (Doc. 21-4 at p. 3.) In 2006, he was convicted of conspiracy to distribute and possess with intent to distribute marijuana. (Doc. 21-6 at p. 2.) In 2010, Petitioner was convicted of conspiracy to import five kilograms or more of cocaine into the United States. (Doc. 21-7 at p. 2.) An immigration judge subsequently ordered Petitioner's removal to Jamaica. (Doc. 21-5.) On November 16, 2015, the Board of Immigration Appeals dismissed Plaintiff's appeal, and the order of removal became final. (Doc. 21-11.)

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Jeffrey B. Sessions, III, who became United States Attorney General on February 9, 2017, is automatically substituted for his predecessor, former Attorney General Loretta E. Lynch.

On July 7, 2016, the Court received Petitioner Hugh Ellis's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. (Doc. 1.) At the time he filed his petition, Petitioner was an immigration detainee in post-removal custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement. (Doc. 1 at p. 2; Doc. 9 at p. 2.) Petitioner seeks release from his post-removal immigration detention, asserting that such continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (Doc. 9 at p. 2)

After filing a response to the petition, Respondents have submitted the instant Motion to Dismiss. (Doc. 28.) In support of this motion, Respondents present documentation which establishes that Petitioner was removed from the United States to Jamaica on March 30, 2017. (Doc. 28-2.) Thus, Petitioner was released from post-removal immigration detention on that date. Because Petitioner is no longer in immigration custody, his challenge to his post-removal detention is now moot.[2]

Based on the foregoing reasons, the undersigned **RECOMMENDS** that Respondents' Motion to Dismiss (Doc. 28) be **GRANTED** and that this § 2241

---

[2] "'Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy.'" *Francis v. Lynch*, 622 F. App'x 455, 455 (5th Cir. 2015) (quoting *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). Generally, "'a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Francis*, 622 F. App'x at 455 (quoting *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir. 1998))

petition for a writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** as **MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 10th day of April, 2017.

*/s/ Carol B. Whitehurst*
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE